IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY as subrogee of JAMES AND STACEY VAN METRE,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN GADGETWOO E-COMMERCE CO., LTD. d/b/a Rockpals, SHENZHEN IN-LINK TECH. CO., LTD and DONGGUAN MAUTEN ELECTRONIC TECHNOLOGY CO., LTD.,<br><br>Defendants. | Case No. 1:23-cv-3245<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Great Northern Insurance Company, as subrogee of James and Stacy Van Metre ("Van Metres"), brings this suit against Defendants Shenzhen Gadgetwoo E-Commerce Co., LTD. and Shenzhen In-Link Tech. Co., LTD. (collectively "Shenzhen Defendants"). Plaintiff alleges in their amended complaint that Shenzhen Defendants were negligent in failing to warn consumers of the dangerous and hazardous condition of a product it markets and distributes (Count IV). Before the Court now is Shenzhen Defendants motion to dismiss the amended complaint. For the reasons stated herein, Shenzhen Defendants' Motion to Dismiss [32] is granted.

I. Background

1

The following factual allegations taken from the operative complaint [31] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Prior to January 2020, the Van Metres purchased Rockpals 300W power station ("the Subject Unit") on Amazon. [31] ¶ 11. On or about January 12, 2020, the Van Metres heard a loud noise coming from their basement and the sound of smoke alarms. [31] ¶ 12. The Van Metres then discovered a small fire allegedly caused by a failure in the Subject Unit. [31] ¶¶ 13, 14. As a result of the fire, the Van Metres experienced damage to real and personal property and made a claim to Plaintiff for recovery pursuant to their policy. [31] ¶¶ 15, 16. Shenzhen Defendants were in the distributive chain of the Subject Unit and were involved in the marketing and distribution of the units. [31] ¶¶ 53, 54.

Plaintiff filed their amended complaint (the "Amended Complaint") on May 8, 2024, bringing one negligence count against Shenzhen Defendants. In that count, Plaintiff alleges that Shenzhen Defendants were negligent in two ways: (i) by failing to warn consumers of the dangerous and hazardous condition in the Subject Unit, and (ii) by failing to market and advertise the product in a responsible and truthful manner by not disclosing a risk of fire. [31] ¶¶ 54, 59 – 60.

**II.    Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy*

*Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

**III.   The Court Can Consider Shenzhen Defendant's Motion to Dismiss**

As an initial matter, Plaintiff argues that Shenzhen Defendant's motion to dismiss should be denied outright because Shenzhen Defendants previously answered an

earlier version of Plaintiff's complaint. *See* [11]. Plaintiff cites to *Burton v. Ghosh* for the proposition that, because the Amended Complaint contains nearly identical allegations to the original complaint that Shenzhen Defendants already answered, Shenzhen Defendants have forfeited their right to move to dismiss the Amended Complaint. 961 F.3d 960, 968 (2020).

Plaintiff misunderstands *Burton*. There, the court specifically considered circumstances under which a defendant could raise a new *affirmative defense* after having waived it in an answer to a previous complaint when the amended complaint's changes were of a "limited scope." *Id.* at 966-68. *Burton* says nothing about a defendant's ability to *move to dismiss* a new complaint after answering a previous complaint. It is a long-established principle that an amended complaint supersedes any prior versions of the complaint and renders it without legal effect. *See, e.g.*, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004), and Plaintiff cites to no authority from this circuit suggesting that Defendant does not have a right to move to dismiss an amended complaint. Further, even if *Burton* were relevant here, it would not compel denial of Shenzhen Defendants' motion to dismiss because the changed allegations in the Amended Complaint are *not* limited in scope. The Amended Complaint added a new theory of liability, new party, and a new claim, which Shenzhen Defendants now move to dismiss. Accordingly, the Court turns next to the merits of the motion.

## IV. Analysis[1]

To succeed on a product liability action based on negligence, a plaintiff must establish the elements of common law negligence: "the existence of a duty, a breach of that duty, an injury that was proximately caused by that breach, and damages." *Corwin v. Connecticut Valley Arms, Inc.,* 74 F. Supp. 3d 883, 888 (quoting *Jablonski v. Ford Motor Co.,* 353 Ill. Dec. 327, 342–43 (2011)). Shenzhen Defendants assert that Plaintiff fails to properly allege a negligence claim against them. Specifically, they argue that Plaintiff's Amended Complaint does not adequately allege duty, breach, and proximate causation.

### A. Duty and Breach

To state a claim for negligence, a plaintiff must allege that the defendant "breached a duty owed to a plaintiff." Under Illinois law, all parties "in the distributive chain are liable for injuries resulting from a defective product, including suppliers, distributors, wholesalers, and retailers." *Pullen v. Bc Int'l Grp., Inc.*, No. 19 C 7810, 2020 WL 11772610 *2 (N.D. Ill. June 22, 2020) (quoting *Graham v. Bostrom Seating, Inc.*, 398 Ill. App. 3d 302 (5th Dist. 2010)). But in a products liability *negligence* claim, a plaintiff must also show that "the defendant knew or should have known of the risk posed by the product." *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247 (2007). This is because the "key distinction between a negligence and strict liability

---

[1] Both parties cite to Illinois law. "Where the parties agree on the law that governs a dispute, and there is at least a reasonable relation between the dispute and the forum whose law has been selected by the parties, we will forego an independent analysis of the choice-of-law issue and apply the parties' choice." *Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000). The Court will therefore apply Illinois law.

5

claim is the concept of fault." *Smith v. Phoenix Seating Sys., LLC*, 894 F. Supp. 2d 1088, 1098 (S.D. Ill. 2012). Thus, plaintiffs must allege "not only . . . that the product was not reasonably safe, but also that the defendant knew, or in the exercise of ordinary care should have known, of that unsafe condition." *Brobbey v. Enter. Leasing Co. of Chicago*, 404 Ill. App. 3d 420, 430 (citing *Cornstubble v. Ford Motor Co.*, 178 Ill. App. 3d 20, 24 (5th Dist. 1988))

Plaintiff fails to allege that Shenzhen Defendants knew or should have known that the Subject Unit was defective at the time it was sold. In its opposition brief, Plaintiff argues that fires related to lithium-ion batteries are "regularly in the news" and that "the fact that these batteries can be a source of ignition . . . is certainly prevalent enough that Defendants knew or should have known about lithium-ion batteries causing fires." [38]. But Plaintiff cannot amend their complaint through their brief in opposition of a motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). In further support of their claim, Plaintiff cites *Love v. Weecoo (TM)* where the Eleventh Circuit reversed a lower court's grant of a motion to dismiss for a claim related to a fire in products with lithium-ion batteries. 774 F. App'x 519 (11th Cir. 2019). There, however, the plaintiff alleged that similar products had already caused several fires and been seized by United States custom authorities because of the danger they presented. *Id.* at 522. Further, at the time the distributor in *Love* sold the product to the plaintiff, the distributor had received notice that the products had caused fires. *Id*. There are no similar factual allegations to undergird Plaintiff's complaint here.

Because Plaintiff failed to allege that Shenzhen Defendants knew or should have known of the Subject Unit's unsafe condition, Plaintiff's negligence claim against Shenzhen Defendants fails.

### B. Proximate Causation

Shenzhen Defendants further argue has Plaintiff's negligence claim is subject to dismissal because they have not adequately alleged proximate causation. The Court agrees. Under Illinois law, to state a claim for negligence a plaintiff must allege that a defendant's *breach* was a proximate cause of their injury. *Chiriboga v. Nat'l R.R. Passenger Corp.*, 687 F. Supp. 2d 764, 768 (N.D. Ill. 2009). Plaintiff has failed to do so.

Plaintiff's sole allegation related to proximate causation is that that as a "result of Defendants' breaches, [that] the Van Metres had the dangerous and defective product inside their residence where it caught fire and damaged real and personal property." [32] ¶ 63. Outside of this conclusory allegation, Plaintiff does not allege how any purported breach on behalf of Shenzhen Defendants contributed to Plaintiff's injury. Plaintiff does not allege, for example, that if Shenzhen Defendants had warned Plaintiff of the defective nature of the Subject Unit, Plaintiff would not have purchased it. Plaintiff has alleged only that Shenzhen Defendants participated in a supply chain which resulted in an allegedly defective product damaging the Van Metres' home; Plaintiff has *not* offered any specific, factual allegations showing that the damage occurred as a result of any breach committed by Shenzhen Defendants. For this reason, too, dismissal is appropriate.

**D. Request to Amend**

Under Federal Rule of Civil Procedure 15(a), the court should "freely give leave" to a plaintiff to amend his complaint "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182–83 (1962). At this point, the Court believes that it is proper to allow Plaintiff to amend its complaint.

**V.  Conclusion**

For the stated reasons, Shenzhen Defendants' Motion to Dismiss [32] is granted. The Court also grants Plaintiff leave to replead consistent with this opinion and its Rule 11 obligations.

E N T E R:

Dated: March 18, 2025

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

8